NIEMOLLER, Appellant, v. DUNCOMBE, Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Eunice Niemoller against Naomi Duncombe.

PER CURIAM. Plaintiff's motion to amend order of reversal (69 N. Y. Supp. 88) granted. Defendant's motion granted to the extent of inserting in the order of reversal a recital to the effect that on the argument leave was granted to her to submit as part of her brief the bill of particulars. Order resettled accordingly, without costs.

---

NOLL, Respondent, v. LEVY et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by Albert Noll against George Levy and Bernard S. Levy. Wolf, Kohn & Ullman, for appellants. Harry A. Archibald, for respondent.

PER CURIAM. This is an action to recover the amount due upon a certain contract for electrical work and materials. The amount due to the plaintiff is not disputed. The defendants are sued as copartners, the allegation being that Geo. W. Levy and Bernard S. Levy, his father, did business as partners under Geo. W. Levy's name. The plaintiff's testimony on this subject is that Bernard S. Levy made statements to him to the effect that he was embarrassed, and could do no business in his own name, and therefore did it under cover of his son's name. He certainly was active in the supervision of the work. Any copartnership is denied by both defendants, but their attempted explanations of the elder Levy's connection with the work are contradictory and unsatisfactory. Upon the whole the evidence was sufficient to justify the finding that they were jointly engaged in the enterprise in connection with which the plaintiff did work. It was attempted to show that the plaintiff consented to a composition between Geo. W. Levy and his creditors. The evidence tendered to support this plea was that plaintiff had said that he would agree to anything a majority of the creditors agreed to, and that a majority of the creditors did agree to refrain from bringing action for a certain period. This was all denied by the plaintiff, and the justice found in his favor upon the issue. Judgment affirmed, with costs.

---

NOONE, Respondent, v. FINN et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by James A. Noone against John B. Finn and others. Leventritt & Brennan (George M. Leventritt, Samuel P. Goldman, of counsel), for appellants. William H. Deady, for respondent.

CONLAN, J. The action was brought to recover the alleged value of a quantity of lumber

72 N.Y.S.—71

sold by the plaintiff to defendants. The only question in dispute was concerning the quality of the lumber delivered, and because thereof the defendants claimed a reduction of $20 in the amount of the bill. The case is neither long nor difficult, and no exceptions appear to have been taken to the charge to the jury. Upon the question of quality, there was a dispute between the witnesses for the plaintiff and defendants, and the difference thus arising was submitted to the jury, and they determined the same in favor of the plaintiff. With such a determination upon a conflict of evidence, courts on appeal are not disposed to interfere. It was a simple question of fact, and to our minds not difficult to determine, and we do not find in the record any reason for disturbing the conclusions reached by the jury. Judgment and order appealed from must be affirmed, with costs. Judgment and order affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.

---

NORTH AMERICAN BREWING CO., Respondent, v. MEYER, Appellant. (Supreme Court, Appellate Division, Second Department. October 24, 1901.) Action by the North American Brewing Company against Henry Meyer. No opinion. Judgment of the municipal court affirmed, with costs.